1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   ELIZABETH ANN FLORES
6



FILED

NOV 1 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

PVT

7

8          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                      **SAN JOSE DIVISION**

10  ELIZABETH ANN FLORES,                     Case No. **C V 10-05273**

11                          Plaintiff,        **COMPLAINT**
12          v.
                                              **DEMAND FOR JURY TRIAL**
13
    BISHOP, WHITE, MARSHALL & WEIBEL,         15 United States Code § 1692 *et seq.*
14  P.S., a Washington corporation; BARBARA   California Civil Code § 1788 *et seq.*
    LOUISE BOLLERO, individually and in her
15  official capacity; JEROME MICHAEL
    YALON, JR., individually and in his official
16  capacity; HALLIE NASH BENNETT, A/K/A
    HALLIE NASH ZIMMERMAN, individually
17  and in her official capacity,
18
19                          Defendants.

20       Plaintiff, ELIZABETH ANN FLORES, based on information and belief and investigation of

21  counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are

22  alleged on personal knowledge), hereby makes the following allegations:

23                              **I.  INTRODUCTION**

24       1.    This is an action for actual damages, statutory damages, attorney fees and costs

25
26  brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

27  15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

28  California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

engaging in abusive, deceptive and unfair practices.

2.   According to 15 U.S.C. § 1692:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

---

[1]  Cal. Civil Code § 1788.1(a)(1).

## II.  JURISDICTION

4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.   This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

8.   Plaintiff, ELIZABETH ANN FLORES (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "disabled person" within the meaning of Cal. Civil Code § 1761(g).

9.   Defendant, BISHOP, WHITE, MARSHALL & WEIBEL, P.S. (hereinafter "BISHOP"), is a Washington corporation engaged in the business of collecting debts in this state with

its principal place of business located at: 720 Olive Way, Suite 1301, Seattle, Washington 98101-1853. BISHOP may be served at the address of its Agent for Service of Process at: Bishop, White, Marshall & Weibel, P.S., c/o William L. Bishop, Jr., Agent for Service, 720 Olive Way, Suite 1301, Seattle, Washington 98101-1853. The principal purpose of BISHOP is the collection of debts using the mails and telephone, and BISHOP regularly attempts to collect debts alleged to be due another. BISHOP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, BARBARA LOUISE BOLLERO (hereinafter "BOLLERO"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or director of BISHOP at all relevant times. BOLLERO may be served at her current business address at: Barbara Louise Bollero, Bishop, White, Marshall & Weibel, P.S., 720 Olive Way, Suite 1301, Seattle, Washington 98101-1853. BOLLERO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.    Defendant, JEROME MICHAEL YALON, JR. (hereinafter "YALON"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or director of BISHOP at all relevant times. YALON may be served at his current business address at: Jerome Michael Yalon, Jr., Bishop, White, Marshall & Weibel, P.S., 901 Sunvalley Boulevard, Suite 220, Concord, California 94520. YALON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12.    Defendant, HALLIE NASH BENNETT, A/K/A HALLIE NASH ZIMMERMAN (hereinafter "BENNETT"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or director of BISHOP at all relevant times. BENNETT may be served at her current business address at: Hallie Nash Bennett, Bishop, White, Marshall & Weibel, P.S., 901 Sunvalley Boulevard, Suite 220, Concord, California 94520. BENNETT is a "debt collector" within

the meaning of 15 U.S.C. § 1692a(6).

13. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

14. On or about September 18, 2006, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Beneficial California, Inc. (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

15. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

16. Defendants knew or should have known that their conduct was directed towards a disabled person.

17. On or about November 30, 2009, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Beneficial Financial I, Inc. v. Elizabeth Flores, et al.*, Case No. 5-09-CV-004477 (hereinafter the "*Beneficial Financial v. Flores* complaint"), which sought to collect $11,880.70 in damages and attorney's fees in the amount of $1,456.42.

18. A true and accurate copy of the *Beneficial Financial v. Flores* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

19.   The *Beneficial Financial v. Flores* complaint (Exhibit "1") stated that Plaintiff became indebted to Beneficial Financial I, Inc.  This statement was false.

20.   Defendants attempted to collect a nonexistent debt from Plaintiff allegedly owed to Beneficial Financial I, Inc., an action that cannot lawfully be taken.

21.   The *Beneficial Financial v. Flores* complaint (Exhibit "1") misrepresented the character and legal status of the debt.

22.   Plaintiff is informed and believes, and thereon alleges, that Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

23.   The *Beneficial Financial v. Flores* complaint (Exhibit "1") bears the signature of Defendant, BOLLERO.

24.   The *Beneficial Financial v. Flores* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by BOLLERO.

25.   Plaintiff is informed and believes, and thereon alleges, that BOLLERO did not conduct a professional review of Plaintiff's account before filing the *Beneficial Financial v. Flores* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

26.   Plaintiff is informed and believes, and thereon alleges, that the *Beneficial Financial v. Flores* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

27.   Plaintiff is informed and believes, and thereon alleges, that the *Beneficial Financial v. Flores* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

28.   After being served with the *Beneficial Financial v. Flores* complaint (Exhibit "1"),

Plaintiff retained legal counsel, thereby incurring actual pecuniary damages.

29.    On or about February 19, 2010, Defendants served Plaintiff with a document titled Plaintiff's Response to Defendant's Demand for Copy of Account.

30.    A true and accurate copy of the document titled Plaintiff's Response to Defendant's Demand for Copy of Account, without attachments, is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

31.    Various documents attached to Plaintiff's Response to Defendant's Demand for Copy of Account (Exhibit "2") show that Plaintiff obtained a consumer loan from Beneficial California, Inc., and not from Beneficial Financial I, Inc.  Any professional review of Plaintiff's account or the documents would have revealed that Plaintiff did not owe a debt to Beneficial Financial I, Inc.

32.    The Plaintiff's Response to Defendant's Demand for Copy of Account (Exhibit "2") bears the signature of Defendant, YALON.

33.    The Plaintiff's Response to Defendant's Demand for Copy of Account (Exhibit "2") represented or implied that Plaintiff's account had been reviewed by YALON.

34.    Plaintiff is informed and believes, and thereon alleges, that YALON did not conduct a professional review of Plaintiff's account before signing Plaintiff's Response to Defendant's Demand for Copy of Account (Exhibit "2") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

35.    Plaintiff is informed and believes, and thereon alleges, that the Plaintiff's Response to Defendant's Demand for Copy of Account (Exhibit "2") misrepresented the role and involvement of legal counsel.

36.    Plaintiff is informed and believes, and thereon alleges, that the Plaintiff's Response to Defendant's Demand for Copy of Account (Exhibit "2") misrepresented the true source or

nature of the communication thereby making false statements in an attempt to collect a debt.

37.     On or about February 19, 2010, Defendants served Plaintiff with a document titled Plaintiff's Response to Defendant's Interrogatories, Set One.

38.     A true and accurate copy of the document titled Plaintiff's Response to Defendant's Interrogatories, Set One is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

39.     In response to Interrogatory No. 5, as shown in Plaintiff's Response to Defendant's Interrogatories, Set One (Exhibit "3"), Plaintiff's consumer loan account with Beneficial California, Inc., had "not been assigned, sold or transfered" to Beneficial Financial I, Inc.   Any professional review of Plaintiff's account or the documents would have revealed that Plaintiff did not owe a debt to Beneficial Financial I, Inc.

40.     The Plaintiff's Response to Defendant's Interrogatories, Set One (Exhibit "3") bears the signature of Defendant, BENNETT.

41.     The Plaintiff's Response to Defendant's Interrogatories, Set One (Exhibit "3") represented or implied that Plaintiff's account had been reviewed by BENNETT.

42.     Plaintiff is informed and believes, and thereon alleges, that BENNETT did not conduct a professional review of Plaintiff's account before signing Plaintiff's Response to Defendant's Interrogatories, Set One (Exhibit "3") and sending it to the Plaintiff. See Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993) and Avila v. Rubin, 84 F.3d 222, 228-29 (7th Cir. 1996).

43.     Plaintiff is informed and believes, and thereon alleges, that the Plaintiff's Response to Defendant's Interrogatories, Set One (Exhibit "3") misrepresented the role and involvement of legal counsel.

44.     Plaintiff is informed and believes, and thereon alleges, that the Plaintiff's

Response to Defendant's Interrogatories, Set One (Exhibit "3") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

45.    On or about February 19, 2010, Defendants served Plaintiff with a document titled Plaintiff's Response to Inspection Demand.

46.    A true and accurate copy of the document titled Plaintiff's Response to Inspection Demand, without attachments, is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

47.    Various documents attached to Plaintiff's Response to Inspection Demand (Exhibit "4") show that Plaintiff obtained a consumer loan from Beneficial California, Inc., and not from Beneficial Financial I, Inc.  Any professional review of Plaintiff's account or the documents would have revealed that Plaintiff did not owe a debt to Beneficial Financial I, Inc.

48.    The Plaintiff's Response to Inspection Demand (Exhibit "4") bears the signature of Defendant, YALON.

49.    The Plaintiff's Response to Inspection Demand (Exhibit "4") represented or implied that Plaintiff's account had been reviewed by YALON.

50.    Plaintiff is informed and believes, and thereon alleges, that YALON did not conduct a professional review of Plaintiff's account before signing Plaintiff's Response to Inspection Demand (Exhibit "4") and sending it to the Plaintiff.  *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

51.    Plaintiff is informed and believes, and thereon alleges, that the Plaintiff's Response to Inspection Demand (Exhibit "4") misrepresented the role and involvement of legal counsel.

52.    Plaintiff is informed and believes, and thereon alleges, that the Plaintiff's

Response to Inspection Demand (Exhibit "4") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

53. As a disabled person subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

54. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

56. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

57. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

58. Defendant, BISHOP, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59. Defendant, BOLLERO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

60. Defendant, YALON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

61. Defendant, BENNETT, is a "debt collector" as that term is defined by the

FDCPA, 15 U.S.C. § 1692a(6).

62.     The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

63.     Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a.     Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.     Defendants misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.     Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

d.     Defendants falsely represented or implied that attorneys BOLLERO, YALON and BENNETT had reviewed Plaintiff's account when they had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e.     Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

f.     Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

g.     Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

h.     Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

64.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

65.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

66.   Plaintiff brings the second claim for relief against Defendant, BISHOP, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

67.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

68.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

69.   Defendant, BISHOP, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

70.   The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

71.   Defendant has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.   BISHOP made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[2]

b.   BISHOP misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[3]

---

[2]  15 U.S.C. §§ 1692e and 1692e(10).
[3]  15 U.S.C. § 1692e(2)(A).

c.   BISHOP misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[4]

d.   BISHOP falsely represented or implied that attorneys BOLLERO, YALON and BENNETT had reviewed Plaintiff's account when they had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5]

e.   BISHOP falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

f.   BISHOP misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7] and

g.   BISHOP attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[8] and

h.   BISHOP attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[9]

72.   BISHOP's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

73.   As a result of BISHOP's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

74.   As a result of BISHOP's willful and knowing violations of the RFDCPA, Plaintiff

---

[4]  15 U.S.C. § 1692e(2)(B).
[5]  15 U.S.C. §§ 1692e(3) and 1692e(10).
[6]  15 U.S.C. §§ 1692e(3) and 1692e(10).
[7]  15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[8]  15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[9]  15 U.S.C. § 1692f(1).

1    is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor

2    greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

3           75.    As a result of BISHOP's violations of the RFDCPA, Plaintiff is entitled to an

4    award of statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17.[10]

5

6           76.    As a result of BISHOP's violations of the RFDCPA, Plaintiff is entitled to an

7    award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

8           77.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

9    are intended to be cumulative and in addition to any other procedures, rights or remedies that the

10   Plaintiff may have under any other provision of law.

11

12                        **VIII.  REQUEST FOR RELIEF**

13   Plaintiff requests that this Court:

14        a)   Assume jurisdiction in this proceeding;

15        b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

16             1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10) and 1692f(1);

17

18        c)   Declare that BISHOP violated the Rosenthal Fair Debt Collection Practices Act, Cal.

19             Civil Code §§ 1788.13(e), 1788.13(i), 1788.14(b), 1788.16 and 1788.17;

20        d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15

21             U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

22        e)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15

23             U.S.C. § 1692k(a)(2)(A);

24

25        f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

26             $1,000, pursuant to Cal. Civil Code § 1788.30(b);

27

28   [10]  15 U.S.C.§ 1692k(a)(2)(A).
     [11]  15 U.S.C.§ 1692k(a)(3).

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[12]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[13] and 1788.30(c);

i) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

j) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ELIZABETH ANN FLORES

---

[12] 15 U.S.C. § 1692k(a)(2)(A).
[13] 15 U.S.C. § 1692k(a)(3).

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ELIZABETH ANN FLORES, hereby demands a trial

by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Barbara L. Bollero CSBA# 135189      Daniel L. Hembree CSBA# 247020<br>Hallie N. Bennett CSBA# 247407<br>Bishop, White & Marshall, P. S.,<br>1355 Willow Way, Suite 254, Concord CA 94520<br>TELEPHONE NO: 206-622-5306      FAX NO. *(Optional):* 206-622-0354<br>FILE NUMBER: HF9A0261<br>ATTORNEY FOR *(Name):*  BENEFICIAL FINANCIAL I INC. | **ENDORSED FILED**<br><br>NOV 30 2009<br><br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By:<br>N. MILES Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
> STREET ADDRESS: 301 Diana Ave
> MAILING ADDRESS:
> CITY AND ZIP CODE: Morgan Hill, CA 95037
> BRANCH NAME: South County Courthouse

PLAINTIFF: BENEFICIAL FINANCIAL I INC.

DEFENDANT: ELIZABETH FLORES

☒  DOES 1 TO 10

| | CONTRACT | |
|---|---|---|
| ☒ COMPLAINT | ☐ AMENDED COMPLAINT *(Number):* | |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number):* | |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| ☒ ACTION IS A LIMITED CIVIL CASE<br>   Amount demanded  ☐  does not exceed $10,000<br>                              ☒  exceeds $10,000 but does not exceed $25,000<br>☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>        ☐ from limited to unlimited<br>        ☐ from unlimited to limited | **509CV004477** |

1.  Plaintiff* *(name or names):* BENEFICIAL FINANCIAL I INC.

    alleges causes of action against defendant* *(name or names):* ELIZABETH FLORES and DOES 1 to 10

2.  This pleading, including attachments and exhibits, consists of the following number of pages:
3.  a.  Each plaintiff named above is a competent adult
        ☒  except plaintiff *(name):* BENEFICIAL FINANCIAL I INC.
            (1) ☐  a corporation qualified to do business in California
            (2) ☐  an unincorporated entity *(describe):*
            (3) ☒  other *(specify):* a Corporation

    **EXHIBIT 1**

    b. ☐  Plaintiff *(name):*
        a. ☐  has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

        b. ☐  has complied with all licensing requirements as a licensed *(specify):*
    c. ☐  Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4.  a.  Each defendant named above is a natural person
        ☐  except defendant *(name):*                              ☐  except defendant *(name):*
            (1) ☐  a business organization, form unknown           (1) ☐  a business organization, form unknown
            (2) ☐  a corporation                                   (2) ☐  a corporation
            (3) ☐  an unincorporated entity *(describe):*          (3) ☐  an unincorporated entity *(describe):*

            (4) ☐  a public entity *(describe):*                   (4) ☐  a public entity *(describe):*

            (5) ☐  other *(specify):*                              (5) ☐  other *(specify):*

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | COMPLAINT---Contract | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure, § 425.12 |

**PLD-C-001**

| SHORT TITLE:<br>BENEFICIAL FINANCIAL I INC. vs. ELIZABETH FLORES | CASE NUMBER: |
|---|---|

4.   *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

        (1) ☐  Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

        (2) ☐  Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c. ☐  Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐  Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐  Plaintiff is required to comply with a claims statute, and

    a. ☐  has complied with applicable claims statutes, *or*

    b. ☐  is excused from complying because *(specify):*

6. ☐  This action is subject to  ☐ Civil Code section 1812.10  ☐ Civil Code section 2984.4.

7. This court is the proper court because

    a. ☐  a defendant entered into the contract here.

    b. ☐  a defendant lived here when the contract was entered into.

    c. ☒  a defendant lives here now.

    d. ☐  the contract was to be performed here.

    e. ☐  a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. ☐  real property that is the subject of this action is located here.

    g. ☐  other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☐  Breach of Contract

    ☒  Common Counts

    ☐  Other *(specify):*

9. ☒  Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, plaintiff informed the defendant(s) in writing it intended to file this action and that this action would result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☒  damages of: $ 11880.70

    b. ☐  interest on the damages

        (1) ☐  according to proof

        (2) ☐  at the rate of *(specify):*     percent per year from *(date):*

    c. ☒  attorney's fees

        (1) ☒  of: $ 1456.42

        (2) ☐  according to proof.

    d. ☐  other *(specify):*

11. ☐  The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: November 18, 2009

Barbara L. Bollero CSBA# 135189       Daniel L. Hembree CSBA# 247020
Hallie N. Bennett CSBA# 247407

          (TYPE OR PRINT NAME)                    ▶        *(signature)*                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(2)

| SHORT TITLE:<br>BENEFICIAL FINANCIAL I INC. vs. ELIZABETH FLORES | CASE NUMBER: |
|---|---|

<u>FIRST</u>      **CAUSE OF ACTION—Common Counts**
   *(number)*

ATTACHMENT TO  ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* BENEFICIAL FINANCIAL I INC.

    alleges that defendant *(name): ELIZABETH FLORES*

    became indebted to    ☒ plaintiff    ☐ other *(name):*

  a.  ☒ within the last four years
      (1)  ☒ on an open book account for money due.
      (2)  ☒ because an account was stated in writing by and between plaintiff and defendant in which it
            was agreed that defendant was indebted to plaintiff.

  b.  ☒ within the last  ☐ two years  ☒ four years
      (1)  ☐ for money had and received by defendant for the use and benefit of plaintiff.
      (2)  ☐ for work, labor, services and materials rendered at the special instance and request of defendant
            and for which defendant promised to pay plaintiff.
            ☐ the sum of $
            ☐ the reasonable value.
      (3)  ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant
            promised to pay plaintiff
            ☐ the sum of $
            ☐ the reasonable value.
      (4)  ☐ for money lent by plaintiff to defendant at defendant's request.
      (5)  ☒ for money paid, laid out, and expended to or for defendant at defendant's special instance and
            request.
      (6)  ☐ other *(specify):*

CC-2. $     , which is the reasonable value, is due and unpaid despite plaintiff's demand,

    plus prejudgment interest   ☐ according to proof   ☐ at the rate of _____ percent per year

    from *(date):*

CC-3.  ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
      ☒ of $1456.42  Pursuant to court schedule, or such other sum as court may determine.

      ☐ according to proof.

CC-4.  ☒ Other: $11880.70  which is the fixed and agreed amount due and unpaid despite Plaintiff's demand

Page  3

FILE #: HF9A0261

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

I, the undersigned, certify and declare that I have read the foregoing complaint. I am the attorney and employee of BISHOP, WHITE & MARSHALL, P.S., the attorneys for plaintiff. Plaintiff is absent from the county where BISHOP, WHITE & MARSHALL, P.S. has its offices and is therefore unable to verify the complaint. For that reason I am making this verification for and on behalf of that party. Except as to paragraph 7 of the complaint, I am informed and believe and on that ground allege that the matters stated in said document are true. As to paragraph 7 of the complaint, I have read that paragraph and know the contents thereof. The same is true of my knowledge and on the basis of the business records of plaintiff and my review of available factual information.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 18, 2009, at Seattle, Washington..

BISHOP, WHITE & MARSHALL, P.S.

[X] Barbara L. Bollero CSBA 135189
[ ] Daniel L. Hembree CSBA 247020
[ ] Hallie N. Bennett CSBA 247407
Attorney for Plaintiff

CA_VERIF
HF9A0Z61

Verification Declaration

BISHOP, WHITE & MARSHALL, P.S.
1355 Willow Way, Suite 254
Concord, CA 94520

- 1 -

1   Daniel L. Hembree, Esq. State Bar No. 247020
    Hallie N. Bennett, Esq. State Bar No. 247407
    Jerome M. Yalon, Jr., Esq. State Bar No. 84204
2   BISHOP, WHITE & MARSHALL, P.S.
    1355 Willow Way, Suite 254
3   Concord, CA 94520
    206-622-5306
4
    Attorneys for Plaintiff, BENEFICIAL FINANICIAL 1, INC.
5

6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
                      COUNTY OF SANTA CLARA

8   BENEFICIAL FINANICIAL 1, INC.          No.: 5-09-CV-004477

9                          Plaintiff,
                                          **PLAINTIFF'S RESPONSE TO**
         vs.                              **DEFENDANT'S DEMAND FOR**
10                                        **COPY OF ACCOUNT**
    ELIZABETH FLORES                      **(CCP Section 454)**
11                         Defendants.

12

13

14          Without waiving objections, Plaintiff responds to Defendant's demand for Copy of

15   Account. Please see attached documentation.

16

17

18          DATED February 19, 2010
                          BISHOP, WHITE, & MARSHALL P.S.
19

20

21                          Jerome M. Yalon, Jr.
                            Attorneys for Plaintiff
22                                                    ┌─────────────┐
                                                      │  **EXHIBIT**  │
23                                                    │      **2**      │
                                                      └─────────────┘
24

25   **RESPONSES TO DEMAND FOR COPY OF ACCOUNT**     BISHOP, WHITE, & MARSHALL P.S.
                                                     1355 WILLOW WAY, SUITE 254
                                                     CONCORD, CA 94520
                                                     206/622-5306 FAX: 206/622-0354

1  Barbara L. Bollero, Esq. State Bar No. 135189
   Daniel L. Hembree, Esq. State Bar No. 247020
2  Hallie N. Bennett, Esq. State Bar No. 247407
   Jerome M. Yalon, Esq. State Bar No 84204
3  BISHOP, WHITE & MARSHALL, P.S.
   1355 Willow Way, Suite 254
4  Concord, CA 94520
   206-622-5306
5
   Attorneys for Plaintiff, BENEFICIAL FINANCIAL I, INC.
6

7        SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
              SAN JOSE JUDICIAL DISTRICT, LIMITED JURISDICTION

8  BENEFICIAL FINANCIAL I, INC..,          No.: 509CV004477
                              Plaintiff,
9                                          PLAINTIFF'S RESPONSE TO
            vs.                            DEFENDANT'S
10                                         INTERROGATORIES, SET ONE
   ELIZABETH FLORES, et al.,
11                            Defendants.

12

13 PROPOUNDING PARTY:   DEFENDANT:     ELIZABETH FLORES
   RESPONDING PARTY:    PLAINTIFF:     BENEFICIAL FINANCIAL I, INC.
14 SET NUMBER:          ONE

15      Pursuant to California Code of Civil Procedure section 2030.210 et seq., plaintiff

16 BENEFICIAL FINANCIAL I, INC. ("Beneficial") hereby objects and responds to the

17 Special Interrogatories, Set One propounded by defendant ELIZABETH FLORES on the

18 grounds set forth below.

19                            **GENERAL OBJECTIONS**

20      1. Beneficial objects and responds to the Interrogatories on the basis of facts and

21 circumstances as they are presently known to Beneficial. Beneficial has not completed its

22 investigation or preparation for trial. Accordingly, the following objections and responses

23 are provided without prejudice to Beneficial's right to introduce at trial any evidence that it

24 subsequently discovers. Beneficial reserves the right to supplement its objections and

25 RESPONSES TO DEFENDANT'S SPECIAL...         BISHOP, WHITE & MARSHALL P.S.
                                              1355 WILLOW WAY, SUITE 254
                                              CONCORD, CA 94520
                                              206/622-5306  FAX: 206/622-0354

**EXHIBIT**
**3**

1   responses to the Interrogatories based upon newly discovered evidence or information of

2   which Beneficial is not aware at she present date.

3       2.      Beneficial objects to the Interrogatories insofar as they seek information or

4   documents that are privileged and/or protected from disclosures by the attorney-client

5   privilege, the work-product doctrine, the privacy privilege or any other privilege or

6   immunity.

7       3.      Inadvertent disclosure of any information that is privileged, or which is

8   otherwise immune from discovery, shall not constitute, and is in no way intended as, a

9   waiver of any privilege or any other ground for objecting to such information during any

10  subsequent proceeding.

11      Subject to and without waiving any of the foregoing General Objections, Beneficial

12  responds and objects to the Interrogatories as follows:

13

14              ### RESPONSES TO INTERROGATORIES, SET ONE

15

16  **Interrogatory No.1:**

17      Please identify any and all persons known to Plaintiff who have knowledge

18  concerning the account on which Plaintiff's claim is based.

19  **Response No. 1:**

20      Objection.   Plaintiff has not yet completed its investigation, discovery, and

21  evaluation of the matter.  Without waiving the foregoing objection, plaintiff reserves the

22  right to amend and/or supplement its response.  Investigation is ongoing regarding the

23  identify of any and all persons who have knowledge concerning the account, however,

24  Jessica Rodriguez, Delinquency Services Specialist for plaintiff, and other duly qualified

25  **RESPONSES TO DEFENDANT'S SPECIAL...**

custodians of record for plaintiff and defendant. Plaintiff will supplement the Response when and if additional information is obtained.

**Interrogatory No. 2:**

For each person known to Plaintiff who has knowledge concerning the account on which Plaintiff's claim is based, please state their full name, home address, home telephone number, employer's name, business address, and business telephone number.

**Response No. 2:**

Objection. See response to No. 1. As to Jessica Rodriguez, HSBC, 1421 Kristina Way, Chesapeake, VA 23320.

Plaintiff has not yet completed its investigation, discovery, and evaluation of the matter. Without waiving the foregoing objection, plaintiff reserves the right to amend and/or supplement its response.

**Interrogatory No.3:**

Please identify all documents which in any way relate to, or which contain any information regarding, the account on which your claim is based.

**Response No. 3:**

Plaintiff objects to the discovery request on the grounds that it is vague, ambiguous, unintelligible, overbroad, and burdensome. Without waiving the objection responds: see payment history, solicitation check, and disclosure attached to plaintiff's response to demand for copy of account.

///

RESPONSES TO DEFENDANT'S SPECIAL...

BISHOP, WHITE & MARSHALL P.S.
1355 WILLOW WAY, SUITE 254
CONCORD, CA 94520
206/622-5306  FAX: 206/622-0354

**Interrogatory No.4:**

For each document which in any way relates to, or which contains any information regarding, the account on which your claim is based, please state which, if any, or the documents were furnished to Defendant, where and when each such document was furnished to Defendant, and the name of the person who furnished each document to the Defendant.

**Response No. 4:**

Plaintiff objects to the discovery request on the grounds that it is vague, ambiguous, unintelligible, overbroad, and burdensome.   Discovery is continuing. Additional information will be produced if and when obtained.   Without waiving the foregoing objections, plaintiff responds: the substantive solicitation check, and disclosure were provided to defendant by mail to her at 19961 Earls Court, Morgan Hill, CA on or about September 11, 2006.

**Interrogatory No. No.5:**

Please identify any and all persons known to Plaintiff who have knowledge concerning the assignment, sale or transfer of the account on which Plaintiff's claim is based.

**Response No. 5:**

Plaintiff responds that no such person exists as the account has not been assign, sold or transferred.

///

RESPONSES TO DEFENDANT'S SPECIAL...

BISHOP, WHITE & MARSHALL P.S.
1355 WILLOW WAY, SUITE 254
CONCORD, CA 94520
206/622-5306  FAX:  206/622-0354

**Interrogatory No.6:**

For each person known to Plaintiff who has knowledge concerning the assignment, sale or transfer of the account on which Plaintiff's claim is based, please state their full name, home address, home telephone number, employer's name, business address, and business telephone number.

**Response No. 6:**

Not applicable.

**Interrogatory No.7:**

Please identify the name and address of each person you expect to call as a witness at trial in this matter.

**Response No. 7:**

Objection, as this is an untimely request. Plaintiff is not ready for trial. Without waiving the forgoing objections: plaintiff plains to call its custodian of records and defendant.

**Interrogatory No.8:**

Objection, as this is an untimely request. Plaintiff is not ready for trial. Without waiving objection plaintiff custodian of records will testify as to the records of plaintiff. Defendant shall testify based upon personal knowledge of the transaction.

RESPONSES TO DEFENDANT'S SPECIAL...

BISHOP, WHITE & MARSHALL P.S.
1355 WILLOW WAY, SUITE 254
CONCORD, CA 94520
206/622-5306 FAX: 206/622-0354

**Response No. 8:**

Objection, as this is an untimely request. Plaintiff is not ready for trial. Without waiving objection plaintiff custodian of records will testify as to the records of plaintiff. Defendant shall testify based upon personal knowledge of the transaction.

**Interrogatory No.9:**

Please itemize with particularity each document or other thing that you may use or intend to use as an exhibit in this matter and specify the present custodian on each exhibit.

**Response No. 9:**

Objection, as this is an untimely request. Plaintiff is not ready for trial. Without waiving objection see payment history, solicitation check, and disclosure attached to plaintiff's response to demand for copy of account.

DATED the 19th day of February, 2010.

BISHOP, WHITE, & MARSHALL P.S.

Hallie N. Bennett
Attorneys for Plaintiff

RESPONSES TO DEFENDANT'S SPECIAL...

BISHOP, WHITE & MARSHALL P.S.
1355 WILLOW WAY, SUITE 254
CONCORD, CA 94520
206/622-5306 FAX: 206/622-0354

1  Daniel L. Hembree, Esq. State Bar No. 247020
   Hallie N. Bennett, Esq. State Bar No. 247407
   Jerome M. Yalon, Jr., Esq. State Bar No. 84204
2  BISHOP, WHITE & MARSHALL, P.S.
   1355 Willow Way, Suite 254
3  Concord, CA 94520
   206-622-5306
4
   Attorneys for Plaintiff, BENEFICIAL FINANICIAL 1, INC.
5

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
                          COUNTY OF SANTA CLARA

8  BENEFICIAL FINANICIAL 1, INC.          No.:  5-09-CV-004477
                              Plaintiff,
9                                          **PLAINTIFF'S RESPONSE TO**
              vs.                          **INSPECTION DEMAND**
10
   ELIZABETH FLORES
11                            Defendants.

12 REQUESTING PARTY:        ELIZABETH FLORES

13 RESPONDING PARTY:        BENEFICIAL FINANICIAL 1, INC.
14 SET NUMBER:              ONE

15                         **PRELIMINARY STATEMENT**

16        This responding party has not fully completed its investigation of facts relating to

17 this case.  The following responses are given without prejudice to this responding party's

18 right to produce evidence of any such newly discovered fact or facts and document or

19 documents which this responding party may later recall and/or discover.  Responding

20 party reserves the right to alter, amend, supplement, modify or otherwise revise any and

21 all responses to the interrogatories as additional facts and documents are ascertained,

22 discovery progresses and intentions are clarified.

23

24 RESPONSES TO INSPECTION DEMAND              BISHOP, WHITE, & MARSHALL P.S.
                                              1355 WILLOW WAY, SUITE 254
25                                            CONCORD, CA 94520
                                              206/622-5306  FAX: 206/622-0354



EXHIBIT
4

This responding party has made a good faith effort to supply as much factual information and documents as is presently known.

## GENERAL OBJECTIONS

Plaintiff objects on the grounds of relevancy that information or documents sought do not appear to be reasonably calculated to lead to admissible evidence.

Plaintiff objects to the disclosure of any documents that are privileged or contain facts or information that is privileged as the result of a communication between Plaintiff and its attorneys.

Plaintiff objects to the production of Plaintiff's counsel's trial preparation materials and/or contain mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys and further objects on the grounds that the information requested was prepared in anticipation of litigation or of trial.

Plaintiff objects to any Requests that require Plaintiff to obtain documents from third parties that are equally available to Defendant and could be obtained by Defendant directly and is therefore is more convenient for Defendant and less burdensome and expensive to the Plaintiff.

Plaintiff objects that the discovery requested by the Defendant is unduly burdensome and/or expensive, taking into account the needs of the case, the amount in controversy, the limitations on the parties' resources and the importance of the issues at stake in the litigation.

Without waiving those general objections, Plaintiff responds:

**RESPONSES TO INSPECTION DEMAND**

BISHOP, WHITE, & MARSHALL P.S.
1355 WILLOW WAY, SUITE 254
CONCORD, CA 94520
206/622-5306 FAX: 206/622-0354

1   RESPONSE TO INSPECTION DEMAND NO. 1

2   As plaintiff understands the response, plaintiff responds: see payment history and loan

3   repayment and security agreement attached to Plaintiff's Response to Defendant's Demand

4   for Copy of Account served contemporaneously with this response. Plaintiff reserves the

5   right to amend or supplement this response in the unanticipated event additional

6   documents are located.

7   RESPONSE TO INSPECTION DEMAND NO. 2

8   As plaintiff understands the response, plaintiff responds: no such document exists, as

9   plaintiff was and remains sole owner of the account.

10  RESPONSE TO INSPECTION DEMAND NO. 3

11  As plaintiff understands the response, plaintiff responds: see payment history and loan

12  repayment and security agreement attached to Plaintiff's Response to Defendant's Demand

13  for Copy of Account served contemporaneously with this response. Plaintiff reserves the

14  right to amend or supplement this response in the unanticipated event additional

15  documents are located.

16  RESPONSE TO INSPECTION DEMAND NO. 4

17  As plaintiff understands the response, plaintiff responds: see payment history and loan

18  repayment and security agreement attached to Plaintiff's Response to Defendant's Demand

19  for Copy of Account served contemporaneously with this response. Plaintiff reserves the

20  right to amend or supplement this response in the unanticipated event additional

21  documents are located.

22  RESPONSE TO INSPECTION DEMAND NO. 5

23  Plaintiff object to the request as untimely. Plaintiff has not completed preparation for trial.

24  Without waiving the objection, as plaintiff understands the response, plaintiff responds:

25  **RESPONSES TO INSPECTION DEMAND**         BISHOP, WHITE, & MARSHALL P.S.
                                                1355 WILLOW WAY, SUITE 254
                                                CONCORD, CA 94520
                                                206/622-5306  FAX: 206/622-0354

1    see payment history and loan repayment and security agreement attached to Plaintiff's

2    Response to Defendant's Demand for Copy of Account served contemporaneously with

3    this response. Plaintiff reserves the right to amend or supplement this response in the

4    unanticipated event additional documents are located.

5

6

7

8

9        DATED February 19, 2010

10                  BISHOP, WHITE, & MARSHALL P.S.

11

12

13          Jerome M. Yalon, Jr.
         Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25    **RESPONSES TO INSPECTION DEMAND**          BISHOP, WHITE, & MARSHALL P.S.
                                           1355 WILLOW WAY, SUITE 254
                                           CONCORD, CA 94520
                                           206/622-5306 FAX: 206/622-0354